## No. 9173.

### SUCCESSION OF KATE TOWNSEND.

| 36 | 447 |
|----|-----|
| 52 | 67  |

An appellant,[in his petition for an appeal, is not bound to name the appellees, but it suffices that he prays that the parties in interest be cited and makes such reference to the proceeding that the clerk cannot be misled as to the parties to be cited.

The failure of the clerk to cite, under such a prayer, is no ground for the dismissal of the appeal.

When a third party appeals from a judgment and relies, exclusively, on errors of law to sustain his appeal, of which an assignment is seasonably filed in this Court, the appeal cannot be dismissed because the evidence was not taken down on the trial in the lower court and no statement of facts was made in lieu thereof.

A judgment in which a woman, who is not made a party to the proceedings, is declared to be a lewd person, and is ordered to be ejected summarily from premises which she occupies, is a nullity, and will be reversed on the appeal of such person, in so far as she is concerned therein.

APPEAL from the Civil District Court, for the Parish of Orleans. Houston, J.

Thos. E. Rozier, Attorney of absent heirs, for the Appellee.

Jos. P. Hornor and F. W. Baker for Defendant and Appellant.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. The following are the grounds of the motion which we will consider seriatim.

1. That the proper parties to the appeal were not named and cited.

The appeal was granted on petition in which the judgment and proceedings immediately relating thereto were designated and all parties in interest asked to be cited, and the judgment on its face showed who were the parties to the proceedings. If no citation was issued to these parties, whatever the appellee's remedy might be, the omission should not cause the absolute dismissal of the appeal. Bredenburgh vs. Behan, 32 A. 561.

Besides Sykes, executor, the only defendant in the rule on which judgment was rendered, has answered the appeal and the attorney for absent heirs, the sole plaintiff in the rule, for whom alone a citation might be required, has appeared in this Court to make the motion in question.

The second and third grounds may be considered together. They are, substantially, that the record is incomplete in not containing the evidence on the trial of the rule, and the omission is not supplied by a statement of facts.

The appellant was no party to the proceedings in the lower court, but from an inspection of the record it is obvious that she is the one to be chiefly affected by the judgment, and her interest therein is not questioned. She has filed in this Court an assignment of errors, which shows on its face that her complaint against the judgment and her appeal in fact is based exclusively upon alleged errors of law patent on the record and which must be considered independently of any fact that the evidence might have established. In such case the transcript need not contain either the evidence adduced in the court below or a statement of fact. C. P. 897; 13 L. 83.

4. There is in the record an assignment of errors, as above stated, and it was filed in time.

5. The last ground, that the formalities for an appeal have not been complied with, is too vague and general to require attention.

The motion to dismiss is, therefore, denied.

---

### ON THE MERITS.

POCHÉ, J. This appeal is taken from a judgment rendered on a rule on the testamentary executor of the deceased, ordering him, and on his default the sheriff, to eject the appellant herein from certain premises belonging to the succession, on the ground that she and other lewd women were occupying said premises in the pursuit of their unlawful and immoral avocation.

Appellant was not made a party to the proceedings, and she was allowed no opportunity of being heard by counsel or otherwise, in a trial which culminated in a judgment which declares that she is a lewd woman and condemns her to be ejected immediately and summarily from premises of which she had undisputed possession.

Hence, she brought this appeal under the provisions of our law which confer the right to third persons, not parties to a suit, of appealing from the judgment rendered in the case, if they have been aggrieved by the same. A woman who is decreed to be a lewd person and is condemned to be ejected from the house which she occupies, is beyond a doubt aggrieved by such a judgment, and unless she was allowed a legal opportunity to be heard in her defense the judgment must fall.

This consideration rests on principles of law and justice too well established in our jurisprudence and in that of all civilized nations, to require any reference to authorities in its support at this stage of jurisprudence.

Appellee's argument that, because the rule was not taken against appellant, because her rights were not acted on, and because she figures only as an incident in the judgment which orders the executor to perform certain acts, she has no ground of complaint and is entitled to no relief, is absolutely without force. In our opinion, every one of those reasons presents a serious ground of complaint on the part of this appellant, who appears to us to be the main incident in the judgment rendered ostensibly against the executor, but which in reality produces its most vital effects on the rights of appellant.

We note appellee's arguments in the denial of appellant's right to this appeal, but they have already been considered and finally disposed of in our opinion on his motion to dismiss this appeal, and in our opinion in the matter of the State *ex rel.* the present appellant vs. the judge who rendered this judgment.

The judgment is manifestly erroneous and unjust to this appellant.

It is, therefore, ordered and decreed that the judgment appealed from, in so far as it affects the rights of appellant, be annulled, avoided and reversed, and that she be allowed her costs.