## No. 1240.

### FANNY K. PHILIPS VS. HER CREDITORS.

An appeal will not be dismissed because of irregularity in the citation of appeal and return thereon, when citation has been prayed for.

An appeal bond for a suspensive appeal is in time when filed within the year following the adjournment of the court in the country. The delay is not to be computed from the date of the signature of the judgment during term.

*Res judicata* is not a ground for dismissal of an appeal. It is a means of defense which can be urged on the merits only.

A second motion to dismiss made after submission of the cause is too late.

A judgment rendered homologating an account and ordering a distribution of funds, is a nullity where the cession of property previously ordered by the court has been avoided and set aside.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *DeBaillon, J.*

*M. E. Girard* and *F. D. Chrétien* for Opponents and Appellants.

*C. A. Mouton* and *O. C. Mouton* for Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The transcript contains two motions to dismiss, one made *before*, the other *after* submission.

In the *first* it is claimed that the appeal should be dismissed, because:

1. Proper parties were not made and cited.

2. The syndic having died, no one was appointed to represent him

3. The appeal bond was not filed within the year from the rendition of the judgment; and because of

4. *Res judicata.*

In the *second* motion, it is urged that the appellant has not filed in this court the transcript mentioned in the clerk's certificate and which is necessary to complete the transcript.

### I.

1. The appellant has prayed in her petition for an appeal "that the parties defendants be duly cited as required by law in such cases."

This is all she had to do. The prayer fully protects her from the attack now made upon her. If, notwithstanding her prayer, the clerk and the sheriff did not perform their duty, she is not, but they are, to be blamed for it.

Under such a state of facts the only thing that could have been asked would have been a continuance of the case, to allow that to be done which had not been done; but for this no prayer is made.

2. The death of the person appointed syndic and the non appointment of some one in his stead, is no ground for the dismissal of the appeal.

The proceedings in this matter contemplated a respite. The district court refused the application and ordered a cession of property. On appeal, the judgment rendered to that effect was reversed, so far as it decreed the cession, but affirmed otherwise. The effect of the judgment was therefore to put the applicant for the respite in the condition which she occupied before she filed any proceeding for that relief, at the same time that it avoided the cession ordered by the district court and all proceedings consequent upon it. With this avoidance the appointment of the syndic fell. In that condition of things there was no necessity to appoint any one to replace one who had no legal existence, who was therefore no necessary party to the appeal.

3. The bond furnished to perfect the appeal was filed within the year following the day on which the judgment appealed from could have become executory, that is, within the year following the close of the term during which the judgment was rendered. The year does not begin to run in the country from the signature of the judgment during term, but only from the end of the term.

4. The objection of *res judicata* is not one which can be urged on a motion to dismiss. It can be considered and acted upon only as a matter of defense on the merits of the cause, at which it is necessarily levelled.

## II.

The second motion to dismiss was filed *after* the submission of the cause, subject to the objection of the appellant, who urges that it comes *too late*. This objection is well founded and must be sustained.

Motion to dismiss denied.

## ON THE MERITS.

The appeal is taken from the judgment of the lower court homologating an account filed by the syndic and ordering a distribution of the funds therein mentioned and which are the proceeds of a sale of the assets of the applicant for a respite.

This judgment was rendered while the appeal from the judgment ordering a cession was pending in this Court.

The latter judgment having been reversed, 36 Ann. 904, it irresistibly follows that whatever was done in furtherance of the judgment ordering the cession is illegal and must be dealt with as having never had any existence.

The plaintiff was therefore right in opposing the distribution proposed by the account presented by the syndic and is entitled to relief.

It is therefore ordered and decreed that the judgment appealed from be avoided and reversed, and it is now ordered and adjudged that the opposition of the plaintiff to the account in question be sustained, and accordingly that the tableau of distribution proposed be rejected; that all anterior proceedings, save those in which the respite asked was refused, be pronounced to be null and of no effect, and that appellees pay costs.