On Motion to Dismiss Appeal.
O’NIELL, J.
This appeal was granted by an ex parte order of the district judge rendered at chambers, and was made returnable on the 1st of April, 1915. On the 3d of that month the plaintiff, appellee, filed a motion to dismiss the appeal on the ground that he had not been cited to answer the appeal; and the motion was immediately set down for hearing, on the 12th of April. On that morning, appellant’s counsel filed an answer to the motion, setting forth that, in her petition for the appeal, she had prayed that the appellee be cited to answer the appeal, and that the omission of service of citation was not due to any fault or laches on her part nor her attorneys, but was due to an oversight of the clerk of court. These allegations were borne out by the affidavit of one of the attorneys of appellant and the affidavit of the clerk of the district court, annexed to the answer. With the answer and affidavits was filed an attested copy of tie citation of appeal and of the sheriff’s return, showing that it was served upon the appellee on the 9th of April, 1915. Thereupon appellee filed a supplemental motion to dismiss the appeal on the ground that appellant had not obtained from this court an order for an extension of time in which to have the citation of appeal served upon the appellee.
There is no merit in either of the motions to dismiss the appeal. Section 1907 of the Revised Statutes (section 11, Act No. 45, Ek. Sess., 1870, p. 100) provides:
“No appeal to the Supreme Court shall be dismissed on account of any defect, error, or irregularity * * * in the citation of appeal' or service thereof * * * whenever it shall not appear that such defect, error, or irregularity is imputed to the appellant, but in all cases the court shall grant a reasonable time to correct such errors or irregularities.”
In the case of Cockerham v. Bosley, 52 La, Ann. 67, 26 South. 814, citing Philips v. Her Creditors, 37 La. Ann. 701, Murphy v. Insurance Co., 33 La. Ann. 454, Borde v. Erskine, 33 La. Ann. 873, and Succession of Townsend, 36 La. Ann. 447, it was held that an appeal should not be dismissed on account of the failure of the clerk of court to issue a proper citation, when prayed for, nor on account of the failure of the sheriff to serve a citation on the appellee.
The purpose of the statute, requiring that the court shall grant a reasonable time to correct such errors or irregularities, is to protect the appellant against errors or omissions on the part of the court officials. The law does not require the appellant to obtain further time if the errors or irregularities complained of can be corrected without delay.
The motions to dismiss the appeal are overruled.