On Motion to Dismiss Appeal.
 

 O’NIELL, C. J.
 

 This is an appeal from a judgment amending an account filed by the judicial liquidators of an insolvent corporation, and ordering the liquidators to distribute the funds according to the amended account. The appellants are the three liquidators, appealing as such. The judgment appealed from was signed on the 31st of July, 1925. Two of the liquidators, individually, and their attorney individually, all as creditors of the insolvent corporation, appealed from the judgment on the 11th of August, 1925; but they failed to file the transcript in this court, and, on motion of another creditor of the corporation, namely, James A. Petty, appellee, this court rescinded its orders extending the return day, and ordered the clerk to issue to the appellee a certificate according to article 589 of the Code of Practice, showing the abandonment of the appeal. See in re Gem Co., Inc., 161 La. 18, 108 So. 110. The decree of this court was filed in the civil district court on the 13th of April, 1926; and, on the 26th of April, 1926, James A. Petty obtained a rule from that court ordering the liquidators to show cause why they should not distribute the funds in their hands in obedience of the judgment of the court, which was then final. The rule was heard and made peremptory, and, accordingly, a judgment was rendered and signed on the 6th of May, 1926, ordering the liquidators to pay the claims that were'allowed to James A. Petty by the original judgment, dated the 31st of July, 1925. The- two liquidators who had theretofore appealed in their individual capacity, as creditors of the corporation, and' whose appeal had been declared abandoned by the decree of this court, and their attorney, who had theretofore also appealed in his individual capacity, as a creditor of the corporation, and whose appeal had been likewise decreed abandoned, asked, again in their individual capacity and as
 
 *419
 
 creditors of the corporation, for a suspensive appeal from the judgment dated the 6th of May, 1926, making the rule absolute and ordering the liquidators to settle with James A. Petty. The judge refused to grant the appeal. The three liquidators, as such, also asked for an appeal from the judgment dated the 6th of May, 1926, which was refused. Thereupon, the three liquidators, as such, obtained an order for this devolutive appeal from the original judgment, dated the 31st of July, 1925.
 

 James A. Petty, appellee, has moved to dismiss the appeal on the ground, first, that the citations to answer the appeal were not served within the time prescribed by article 583 of the Code of Practice, and, second, that the liquidators, in their official or fiduciary capacity, have no interest in prosecuting the appeal, and have no right to champion or assert in this way the claims of the two of them whose appeals, individually or as creditors of the corporation, have been decreed abandoned, or to champion or assert in this way the claim of their attorney, whose appeal, individually or as a creditor of the corporation, has been decreed abandoned.
 

 The delay in serving the citations to answer the appeal is not a good cause for dismissing the appeal where, as in this case, the error was not due to any fault or neglect on the part of the appellant or appellants. They prayed for citation and the court ordered it in granting the appeal. Rev. Stat. §§ 36, 1907; Code of Prac. art. 898; Borde v. Erskine, 29 La. Ann. 823; Hearing v. Mound City Life Insurance Co., 29 La. Ann. 832; Murphy v. Factors’ & Traders’ Insurance Co., 33 La. Ann. 455; Austin v. Scovill, 34 La. Ann. 486; Succession of Townsend, 36 La. Ann. 447; Philips v. Her Creditors, 37 La. Ann. 701; Cockerham v. Bosley, 52 La. 67, 26 So. 814; Hiller v. Barrow, 144 La. 282, 80 So. 538; Taylor v. Allen, 151 La. 82, 91 So. 035; Phillips v. Phillips, 160 La. 813, 107 So. 584.
 

 On the other ground, however, the motion to dismiss the appeal is well founded. The appellants, as judicial liquidators of the corporation, are fiduciary officers, whose primary duty is to obey the orders and decrees of the court that appointed them. They may, in their fiduciary capacity, appeal from a judgment or decree of the court that appointed them when the appeal is for the benefit or in the interest of the corporation or the stockholders or creditors generally; but they have no right to appeal in the interest of one creditor against that of another, when the stockholders or creditors of the corporation generally are not concerned. Bosworth, Receiver of the Chicago, Peoria & St. Louis Ry. Co., v. Terminal Railroad Association of St. Louis, 174 U. S. 181, 19 S. Ct. 625, 43 L. Ed. 941. The only purpose of this appeal, obviously, is to reinstate the appeal which two of the appellants, liquidators, and their attorney, each individually and as a creditor of the corporation, heretofore took and which was pronounced abandoned by the decree of this court.
 

 Appellants contend that we have to look into and decide upon the merits of the case to determine whether they had the right to appeal in their fiduciary capacity, as liquidators. If that were true the motion to dismiss the appeal would not show a cause for dismissal. But it is not so, because the judgment appealed from is merely a decision of contests between or among the creditors of the insolvent corporation, in which each creditor sought a preference over the others; and it does not concern the appellants, in their fiduciary capacity, as liquidators, whether the judgment is correct or incorrect. It is therefore not at all necessary to examine into the merits of the case, or the rightfulness of the judgment appealed from, to determine that the appellants, appealing only in their fiduciary capacity, as liquidators, have no interest in prosecuting the appeal.
 

 
 *421
 
 The motion to dismiss was filed more than three days after the filing of the transcript; but that is a matter of no moment where, as in this case, the cause for dismissal is that the appellant or appellants had no right to appeal. James v. Fellowes, 23 La. Ann. 37; Mutual Life Insurance Co. v. Houchins, 52 La. Ann. 1137, 27 So. 657.
 

 The appeal is dismissed.