## No. 46.

### THE STATE OF LOUISIANA EX REL. T. W. JONES VS. THE CITY OF SHREVEPORT.

The rule that a tutor can act as administrator of his ward's parent's estate as long as creditors do not object, is re-affirmed in this instance.

Under the circumstances of the case, the action of the tutor, in the Motion to revive, is main-tained pending the application for the appointment of the administratrix.

The issue presented on the Merits is the same as in the case of Mrs. E. E. Griffin vs. City of Shreveport, just decided.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

*J. W. Jones* for the Relator and Appellee.

*Wm. A. Seay*, City Attorney, for Defendant and Appellant.

#### ON MOTION TO REVIVE.

The opinion of the Court was delivered by

TODD, J.   The relator having died since the appeal was taken, Thomas Phillips, the tutor of the minor heir and sole heir of the deceased, has filed in this Court a motion to revive the suit in his name, as the repre-sentative of the minor and of the succession of his deceased father, the relator.

This application is opposed by the defendant, on the ground that the tutor does not legally represent the deceased or his succession and can-not stand in judgment therefor.   The earlier decisions of this Court sustain this position, 2 Hen. S. 11, p. 1476, but they are overborne by a long line of decisions, commencing over thirty years ago, with the case of Bryan vs. Atchison, 2d An. 463, and followed by many others, which settle the principle, that, where the heirs of a decedent are minors, their tutor can, as it were, *ex officio*, administer his succession, so long as not opposed by creditors, who may require the appointment of an adminis-trator.   C. C. 940–41–42, 945; C. P. 976; Bryan vs. Atchison, 2 An. 463; Succession of Story, 3 An. 502; Monget vs. Penny, 7 An. 134; State vs. Heirs of Leckie, 14 An. 641; Succession of Sutton, 20 An. 150.

It is, however, urged that it was admitted by counsel for the relator

before this Court, that there was an application pending for the appointment of an administrator to the succession of the deceased, and this showed an opposition to the tutor's administration of the estate. Under ordinary circumstances, such fact might be sufficient to deny to the tutor the right of administration; but, it also appears from the record, that this application is made by the surviving widow of the deceased, who first sought to revive the suit in her own name and who joined the tutor of the minor heir in her application, which was denied, and, thereupon, she applied to be appointed administratrix, thus showing that there is no antagonism between her and the tutor, but that her application for the administration was made to meet the contingency of a denial of the tutor's motion to revive in his name as the representative of the sole heir to the succession.

The motion to revive is, therefore, granted.

### ON THE MERITS.

The issues presented in this case are the same as are involved in the case of the State ex rel. Mrs. E. E. Griffin and Husband vs. The City of Shreveport, just decided by us.

It is true that it appears in this case that, by an ordinance of the city council, which forms part of the contract on which the judgment sought to be enforced was rendered, it was provided that a tax of one-half of one per cent should be levied and collected to pay this debt. This, however, does not really differentiate this case from the one mentioned, for such special contract or stipulation is subject to the restrictions imposed by the city charter on the power of taxation, and must come under the same rules and regulations touching the mode of assessment and collection.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and the mandamus prayed for be refused at the cost of the relator in both courts.

### ON APPLICATION FOR REHEARING.

LEVY, J. Relator applies for a rehearing, on the ground, that his contract with the City of Shreveport was made prior to the passage of its existing charter, which prescribes the mode and manner in which payments by the city shall be made, and that, when said contract was entered into, there was no limitation on its taxing powers.

The existing law governing the City of Shreveport, prescribes the manner in which estimates and appropriations therefor shall be made, or, in other words, defines and fixes the remedy. The reasons given in our previous opinion, are applicable to the circumstances connected with

the contracting of the debt claimed by relator. Whatever rights plaintiff is entitled to may be enforced only by requiring the city to comply with the law, by placing, at the proper time, the claim or indebtedness, which may be due, upon the budget and making provision for the collection of taxes to pay the same.

The rehearing asked for is refused.