## No. 1097.

LOUISA FERRAND VS. HEIRS OF MARY BRÉS ET AL..

An action by part of the heirs for a "partition" of the estate of their mother will not be regarded in that light when it is apparent that there exists no such property to be partitioned, unless a renunciation of the community by the mother be previously set aside.

The action will be considered as a disguised one, for the nullity or rescission of such renunciation, and as such barred by the prescription of five years.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson, J.*

---

*Boatner & Boatner* and *M. J. Liddell* for Plaintiff and Appellant :

The action for partition is only prescribed by thirty years.

So long as the action for partition is not prescribed, all accessories, such as collation etc., exist with it. 14 An. 750; 12 An. 354; 8 L. 230; 9 An. 96; 11 An. 227; 16 An. 170.

An heir cannot be relieved from the obligation of collating a debt due the succession, on the ground of prescription accruing after the date of opening the succession. 15 An. 209; the Court quoting 14 An. 250; 12 An. 353.

Nor is an heir relieved from collating, because of the prescription of the debt before the death of his ancestor. 28 An. 748.

A discharge in bankruptcy will not relieve an heir from the obligation to collate debts due the ancestor. 9 An. 96.

Any act of sale by the ancestor to a forced heir cannot be annulled in a direct action. The remedy of co-heirs is to sue for a partition, in which any indirect advantage will be subject to collation. 13 An. 173.

Though the heir acquire the succession from the moment of the death of the deceased, his right is in suspense until he decide whether he accepts or renounces. C. C. (O. C.) 940. And if he accept, he is considered as having succeeded the deceased from the moment of his death. See also Arts. 937, 938.

The right of accepting a succession is only barred by the prescription of thirty years, (C. C. 1023) and the effect of his acceptance goes back to the day of opening the succession. C. C. Art. 981.

The acceptance of a succession embraces the right to demand possession of its property—if the heir accepting be the sole heir, or of demanding a partition if there are other heirs, and the right to claim a partition includes all rights accessory and incidental to it.

Ferrand vs. Heirs of Brés et al.

The action of partition lies, though the ancestor has given away all his property during his lifetime, and the obligation to collate by one heir constitutes as to the others, the entire succession. 8 L. 230; 7 Rob. 429.

The right of partition is not restricted to the property left by deceased, but extends to a settlement of his estate according to the principles and rules laid down in the Code. See 8 La. 230; 7 Rob. 429; 13 An. 207.

*Robt. Ray* for Defendants and Appellees:

An action to require heirs to collate property, which they took possession of under a judicial partition, is bound by the prescription of thirty years. C. C. 3499, *et seq.;* C. C. 1305, 1306; 26 An. 420.

The effect of the renunciation of the wife, is to place the estate of the husband in the same situation as if no community of acquets had existed; relieves her of the community debts, and gives her a mortgage on her husband's property for the restitution of her dotal and paraphernal funds used by the husband during marriage. C. C. 2410 to 2415; 4 R. 71 and 339; Troplong de la Prescription, Vol. 2, Nos. 846 and 820; Marcadé, Vol. 5, p. 99.

A renunciation cannot be attacked by forced heirs as a simulation, but if considered as a disguised or excessive donation, or as giving an advantage to one forced heir over another, then it may be, provided it is done within the time authorized by law, to-wit: five, ten, and twenty years. C. C. 3542; 14 An. 152; 22 An. 223; 26 An. 419; 2 An. 486, 466.

———

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is apparently an action brought by the plaintiff for a partition of her mother's estate.

The substantial allegations of the petition are verified by a statement of facts agreed to by the parties for the trial.

It appears from those admissions, that Jean Brés died in 1842, leaving a considerable estate in community with his surviving wife, who, having twice married (the first time with Laudeman, plaintiff's father) had children by both marriages.

Shortly after the death of her husband in the same year, Mrs. Brés executed an act of renunciation of her interest in the community, for the purpose, it is stated, of freeing herself from the payment of its debts.

The heirs of Jean Brés continued to hold the property in common until 1847, when they made among themselves a definitive partition of his estate, and at once entered into actual possession of the portions respectively accruing to them, separately and individually.

Mrs. Brés died in 1857. Her succession never was formally opened. No partition of her estate has ever been made.

The suit was instituted in September, 1880. The main defense is the prescription of five, ten and thirty years.

From an adverse judgment sustaining the plea, the plaintiff has appealed.

The action is not one for a partition. Its object is clearly to revoke

and upturn, so as to render them absolutely ineffectual: 1st, the act of renunciation by which Mrs. Brés relinquished all the interest which she had in the involved community between her and her late husband; 2d, the partition made by the defendants. Indeed, it is not until after those insuperable impediments have been removed, that the plaintiff can be heard to say that her mother has left property, once common, which should be partitioned among her and her co-heirs, the issue of both marriages.

It is unnecessary to determine whether the invoked prescription of ten and thirty years is destructive of plaintiff's action, the moment that the character of that action is ascertained and announced.

The law distinctly provides, that the action for the nullity of contracts, testaments and *other acts*, that for the reduction of excessive donations, and that for the rescission of partitions, is extinguished by the prescription of *five* years.

The occult purpose of this suit is manifestly the revocation of the fundamental act of renunciation of Mrs. Brés.

The plaintiff has charged it with *simulation*, but, at the same time, has strongly averred that its purpose was to benefit the children of the second marriage, to the detriment of those of the first. This was equivalent to a charge of fraud. Although the word itself was not used, the fact necessary to constitute it was distinctly announced. There is neither evidence nor admission to show that Mrs. Brés intended or designed any act simulated or fraudulent, which law or conscience would reprobate.

She had the right to do what she did, and if she subsequently could not undo it, she surely did not transmit to her heirs a prerogative which she did not possess.

Under the law, as it then stood, and has continued up to recently, the surviving wife was bound to accept or renounce unconditionally the community. She was not allowed the privilege accorded to heirs, and now enjoyed by wives judicially separated, or by widows, of accepting it under benefit of inventory.

By renouncing, she effectually relieved herself absolutely from all responsibility, and the effect of her renunciation was to place matters and things in the condition in which they would have stood, had no community ever existed. The consequence was, that all the property which constituted the mass of the community assets, at once composed the active of the succession of Jean Brés, subject to the debts and liabilities against it.

By the partition, his children by the second marriage have accepted

Ferrand vs. Heirs of Brés et al.

his succession and made themselves liable for the charges with which it was encumbered, and which to all appearances have been satisfied.

By her long silence, the plaintiff has ratified the act of renunciation, the partition, and possibly the excessive donation, if any, which Mrs. Brés may be charged as having made to her children by the second marriage.

Prescription is not a reprobated defense. It is established by the very necessity of things for the good order and quiet of society and of its members. The law forbids that it be considered as odious. It rests upon a presumption of payment, of settlement of liabilities, or upon a remission of obligations, or an abandonment or relinquishment of rights. Natural law declares it, civilization accepts it, and the civil law consecrates and enforces it, as well for the acquisition of rights as for the release from obligations.

Treating this action as it should be, as a disguised one, for the rescission of the act of renunciation and of the other acts flowing from it, all of which occurred more than thirty years ago, and considering that Mrs. Brés departed this life in 1857, and that this suit was brought in 1880, we feel no hesitation in reaching the conclusion that the action is barred by the lapse of five years, whether the initial point of computation be 1842, 1847 or 1857.

The judgment appealed from is affirmed with costs.