## No. 10,770.

### SUCCESSION OF CALISTE BOURGEOIS.

The tutor of minor heirs, in the absence of a demand for administration by cred-
itors, or heirs of age, has a right to take possession of succession property
and administer their interest therein.

If the creditor was present and made no opposition to the administration of the
tutor, in order to administer himself and take the property from the posses-
sion of the tutor, he must assign some reason therefor, such as maladminis-
tration, or some other facts that show that his debt is imperiled.

He must be a creditor in fact, and not one who holds a doubtful claim, the exist-
ence of which mnst be established by parol testimony and expensive litiga-
tion, to avoid which he seeks to be appointed administrator.

APPEAL from the Nineteenth District Court for the Parish of
Terrebonne.  *Allen, J.*

*Winchester & Briant* for the Applicant, Appellant:

The rule is that when some of the heirs are beneficiary, and there are debts, and
the creditors or heirs of age demand an administration, it should be ordered.
30 An. 807, Succession of Clar..; 30 An. 93, and authorities cited therein.

Natural tutors of minor children may, as such, take possession of and administer
the estate of the deceased parents of such children, unless and until creditors
or heirs of age demand the appointment of an administrator. 30 An. 389, Blake
vs. The Minors Kerney and Lake; 14 An. 567, Saloy vs. Chexnaidre; 32 An. 17,
Leman vs. Truxillo; 19 An. 528, Vincent, Administrator, vs. D'Aubigne, and au-
thorities therein.

The creditors of a succession have a twofold remedy—to proceed against the tutor
in the ordinary way, or to provoke the appointment of an administrator.  The
latter is the usual way of settling estates encumbered with debts.  16 An. 420,
Succession of Mrs. J. G. Webre.

The law provides the mode for this settlement and liquidation of the community;
and when the heirs or creditors require it, the succession must be adminis-
tered.  7 Southern Reporter, p. 460, Webre vs. Lorio, Sheriff, et al.

The rights of possession and dominion of community property remain in sus-
pense so long as there are community debts unpaid.  And notwithstanding
the actual dissolution of a community of acquets and gains by the demise of
one of the spouses, it has a fictitious existence thereafter for the purpose of
liquidating and discharging community debts.  7 Southern Reporter, 626, Fac-
tors and Traders' Insurance Co. vs. Levi; Ibid, p. 624.

*L. F. Southon* for Defendant and Appellee:

The succession becomes open by death.  C. C. 934.

The succession is closed or terminated when the seizin, *i. e.*, the right of posses-
sion and the fact of possession, concur in the heir as such, whether he be
simple heir or beneficiary heir.  C. C. 942, 945, 1056; C. P. 996; 30 An. 93; 36 An.
744, 278; 35 An. 826; 38 An. 716; 36 An. 46; 34 An. 39; 35 An. 826.

A party claiming to be a creditor of an estate must within a reasonable time after it is opened enforce his right to have it administered, if he desires an administration.

The opinion of the court was delivered by

MCENERY, J.   Caliste Bourgeois died in the parish of Terrebonne, 20th day of February, 1889.   He left property estimated at more than $2000, and a surviving widow and several minor children.   The property was community property.   The widow qualified as tutrix of her minor children, took possession of the community property, and as tutrix administered the same.

Francois Bourgeois, the father of the deceased Caliste Bourgeois, some eight months after the widow had qualified as natural tutrix, alleging himself to be a creditor of the succession for a large amount, applied for the administration of said succession.

The natural tutrix opposed his application upon the following grounds:

1. Because there was no necessity for an administration other than the administration carried on by her as tutrix.

2. Because Francois Bourgeois is not a creditor of said succession.

3. Because Francois Bourgeois had applied to opponent for a recognition of his claim, thereby recognizing opponent's right to administer the succession, and, further, that said Francois Bourgeois is estopped thereby from questioning her right to administer.

4. Because a regular administration would be expensive and damaging to opponent and her minor children, and productive of no good to said Bourgeois; but that, should the court think otherwise, opponent, as natural tutrix, has a better right to the administration than said Bourgeois.

On these issues said opposition was tried, resulting in a judgment rejecting the demand of Francois Bourgeois on the grounds that the natural tutrix had the right to administer the succession, and having gone into the possession of its effects, the succession was closed, and the only remedy of the creditors was to sue the minors to the extent of their respective inheritances.

The tutor of minor heirs, in the absence of a demand for administration by creditors or heirs of age, has a right to take possession of the succession property and administer their interest therein.   Saye vs. Price, 30 An. 93; Blake vs. Kearney, 30 An. 388; Suc. DeLerod

34 An. 39; Suc. Saddler & Henderson, 35 An. 826; Lemon vs. Clarke, 36 An. 744.

In Lemon vs. Clarke we said: "As representative of the benefi-ciary heirs in possession, creditors of the succession had the right to sue them through her, and to recover judgment, restricted, of course, in its operation to the property inherited by them. What-ever she has received and appropriated of that property is, *quoad* creditors, a reception and appropriation by the heirs. If she has wronged the latter, they must look to her personally and to her bond; but as against creditors, her acts are their acts as far as they are within her lawful powers as tutrix."

If the succession owes debts, she can, on application to the court for an order for a family meeting, and on its advice, borrow money by granting a mortgage on property, or to sell the same to pay debts of the succession. Succession of Saddler, 35 An. 826; Suc. DeLerod, 34 An. 39; Suc. of Webre, 16 An. 420.

The applicant for the administration of this succession made no opposition to the administration of the succession by the natural tutrix. He lived in the same parish, and was the father of the de-ceased Caliste Bourgeois. Recognizing the administration and ap-proving of the same, and knowing the law as above stated, he par-ticipated in a family meeting, of which he was a member, and ad-vised the sale of certain property to pay the debts of the succession. In the proceedings of the family meeting and the proces verbal thereof, it is recited that the natural tutrix is administering said suc-cession, and that "there are a few debts due by the estate of her late husband, such as funeral expenses and charges, law charges and other small charges, which should be paid, and petitioner is desirous of providing for and paying the same."

Francois Bourgeois, the applicant to be appointed administrator, signed the proces verbal, reciting the above facts. The family meet-ing was convoked and finally deliberated on April 20, 1889, and in August following, Bourgeois says in his testimony, he presented his alleged claim to the tutrix for settlement. The tutrix, in view of the above facts, was prudent in not recognizing the claim.

The applicant for the administration, relying upon the case of Blake vs. Kearney, 30 An. 388, in which this court said, ir comment-ing on case of Saye vs. Price: "The Code directs therefore that an administrator shall be appointed to estates in which there are minor

heirs concurring with majors who accept unconditionally. The only exception to this rule we have had occasion lately to review in the case of Saye vs. Price. It is to the effect that the *natural tutors of minor* children may, *as such,* take possession of and administer the estates of the deceased parents of such children, unless and until creditors or heirs of age demand the appointment.''

Conceding that the creditor has the right to demand that an au ministrator be appointed after the property has gone into the possession of the tutrix who administers the same, it is not a right that can be exercised without assigning some reason therefor. If the creditor was present and made no opposition to the administration of the tutor, in order to obtain the administration he must show maladministration or some facts that exist that imperil his debt. The mere allegation that one is a creditor of a succession is not a sufficient basis for his application. He must be a creditor in fact. In the instant case the debt was disputed. Instead of being a creditor, the tutrix alleged that he was a debtor to the succession. He presented his claim for payment. He could have followed it by suit, and if a just claim, it would have been liquidated by judgment. Code of Practice, 996.

The family meeting advised the sale of certain property to pay the debts of the succession, which the proceedings of said meeting show were not numerous, and small in amount.

The property was sold as advised, and it is presumed the debts. were paid.

The existence of the Bourgeois debt had not then been made known. The record does not show that there are, except the disputed claim of Bourgeois, any debts against the succcession.

It would be an unwarranted and an unprecedented proceeding to take property of a succession which owes no acknowledged indebtedness and which is in possession of the heirs from the tutor who is administering for them, in order to put it into the hands of a party whose sole object in applying for the administration is to lessen the scrutiny which his claim must undergo when suit shall be brought to. establish its verity.

Judgment affirmed.