(90 South. 426)

No. 24812.

**JACOB et al. v. FALGOUST et al.**

(Jan. 2, 1922.)

*(Syllabus by the Court.)*

Husband and wife ☞274(2)—On renunciation of community by deceased wife's heirs, her half remains in surviving husband.

If the heirs of the wife renounce the community of acquêts and gains, they are considered as never having had any interest in it, and their portion, or the wife's half, belongs to the surviving partner in community by force of his original title; the wife's title, during the community, being inchoate.

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Sam A. Le Blanc, Judge.

Suit by Joseph Jacob and others against Constant Falgoust and others. Judgment of dismissal for defendants, and plaintiffs appeal. Affirmed.

James Legendre, of New Orleans, for appellants.

Howell, Wortham & Le Bourgeois, of Convent, for appellees Jacob.

Guion & Lambremont and Henry L. Himel, all of Convent, for appellees Falgoust. and Christophe Roussel.

Charles J. Theard and Delvaille H. Theard, both of New Orleans, for appellees D'Aquin and Dornier.

OVERTON, J. This suit was instituted by Joseph Jacob, Lucious Malus Jacob, and Eugene Demare, as natural tutor to his minor child, Julia Demare, for the purpose of recovering an undivided half interest in the Uncle Sam plantation, situated in the parish of St. James.

The property in contest was acquired by Jules Jacob, Sr., during the régime of the community of acquêts and gains that existed between him and his wife, Felicie Malus, and hence belonged to that community. On July 15, 1907, Felicie Malus died. At her death she left three heirs, Jules J. Jacob, Jr., Marie Jacob, and Edith Jacob, wife of Dennis Jumonville, who were the issue of her marriage with Jules Jacob, Sr.

On February 24, 1908, these heirs, by notarial act, renounced the community that existed between their mother and father.

The plaintiffs allege and contend that when the children of Felicie Malus renounced their mother's half of the community it fell to them as the next of kin. The plaintiffs are the nephews and nieces of Felicie Malus. The defendants contend that it remained in the husband, who was the head and master of the community, and responsible for its debts. Who became the owner of the wife's half, when her children renounced it, is therefore the question to be decided, and the only one.

The above statement of facts is taken from the petition of plaintiffs. In the court below, an exception of no cause of action was filed by defendants. The lower court maintained the exception, and dismissed plaintiffs' suit.

## Opinion.

By article 2409 of the Revised Civil Code, in a partition of the effects of the community, both husband and wife are declared to be equally liable for their share of the debts contracted during marriage. By article 2410, the wife and her heirs and assigns are, however, permitted to exonerate themselves from

those debts by renouncing the community. By Act No. 4 of 1882, the wife is permitted to accept the community, under the benefit of inventory, in the same manner and with the same benefits and advantages as heirs are allowed by existing laws to accept a succession. The law does not, however, expressly provide what shall become of the wife's half, in the event she renounces the community; and the same is true when her heirs renounce it. In the matter of successions—but this was not the renunciation of a succession—article 1022 of the Revised Civil Code provides that, when an heir renounces a succession, his portion goes to his coheirs of the same degree, and that, if he has no coheirs of that degree, it goes to those in the next degree; but, as said, no express provision exists showing where the wife's interest falls when she or her heirs renounce the community. The question, however, is not a new one in our jurisprudence. That interest remains in the husband by force of his original title, and this was so held in the case of Fabre v. Hepp, 7 La. Ann. 6, where it is said:

"The renunciation of a community by the heir of the wife has, like that of a succession, a retrospective effect; the heir of the wife who renounces the community is considered as never having had any interest in it, and his portion belongs to the surviving partner in community by force of his original title, jure non decrescendi."

Plaintiffs, however, contend that this decision is based on the views of French commentators, who base theirs on article 1475 of the Code Napoléon, which is not in our Code. One of the authorities cited in that case was a commentator on that Code. The article, translated, is as follows:

"If the wife's heirs are divided, so that one has accepted the community which the other had renounced, the one who has accepted it can only take his individual and hereditary share in the property which falls to the wife's portion.

"The husband retains the surplus and remains liable to the heir who renounces the rights which the wife might have exercised in case of renunciation, but only to the extent of the hereditary share of the heir who has renounced." C. N. art. 1475.

The fact that this article was not incorporated in our Code, however, does not change the matter. The wife's title, during the existence of the community, is inchoate. McDonough v. Tregre, 7 Mart. (N. S.) 68; Brassac v. Ducros, 4 Rob. 335. The title remains in the meantime in the husband, as head and master of the community. When he dies first and she renounces the community, her interest, as was said in Ferrand v. Heirs of Bres, 35 La. Ann. 908, at once becomes part of his estate, and matters are as if there had been no community. When she dies first, and her heirs renounce the community, in the absence of a statute to the contrary, the same rule applies, and the wife's half remains in the husband by force of his original title, for then it is the same as if no community had existed between the husband and wife.

Therefore, when the heirs of Felicie Malus renounced the community, their mother's interest did not vest in plaintiffs; and hence the exception of no cause of action was properly maintained.

It may be added that it does not follow, because the heirs renounced the community, that they renounced their mother's succession. As a matter of fact, they accepted that, which included a large claim against the community, which doubtless they desired to enforce.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.