**17 So.2d 625**

**LASSEIGNE et al. v. LASSEIGNE et al.**

**No. 37371.**

March 13, 1944.

C. A. Blanchard, of Donaldsonville, and B. P. Landry and Norman Tilden, both of New Orleans, for plaintiffs and appellants.

Sidney A. Marchand and Walter Lemann, both of Donaldsonville, for defendant and appellee.

ROGERS, Justice.

Plaintiffs are the children of Alces Lasseigne and Helena Guidry Lasseigne, his wife by second marriage, who died on De-cember 12, 1920. They bring this suit to obtain the partition by licitation of certain real and personal property in which they claim to own undivided interests as the heirs of their deceased mother and their infant sister, Ann Lasseigne, who died in 1921, Before filing the suit, plaintiffs caused the successions of their deceased mother and sister to be opened in the same proceeding and an ex parte judgment to be rendered therein, recognizing them as the heirs of the decedents and sending them into possession of the property allegedly belonging to decedents' successions. The judgment was rendered and signed on August 15, 1941, and by its terms plaintiffs were placed in possession of an undivided one-half interest in the property forming part of the community of acquêts and gains formerly existing between defendant and plaintiffs' mother and an undivided seven-sixteenth interest in the property inherited by their deceased sister.

In addition to their father, the alleged owner in indivision, plaintiffs impleaded the holders of certain mortgages and rights of way granted by the defendant upon the property that plaintiffs seek to partition.

In the early part of the year 1923, Alces Lasseigne, the defendant, instituted a tu-torship proceeding under the Number 5075 in the Twenty-Seventh Judicial District Court for the Parish of St. James. In that proceeding petitioner showed that his second wife, Mrs. Helena Guidry, to whom he was married in 1904, died intestate in the Parish of St. James on December 12, 1920, leaving as her sole forced heirs the seven plaintiffs in this suit who were all minors. Petitioner

showed that these minor children inherited the undivided one-half interest of their mother in the property of the matrimonial community and in order to administer the property and the rights of the minors, it was necessary that petitioner, as their father, be appointed their natural tutor and that he was willing and desirous to qualify as such. An inventory and appraisement was made of the property inherited by the minors and an extract of the inventory was recorded in Mortgage Book 33, folio 510, on July 29, 1924. On August 15, 1924, a judgment was rendered adjudicating to the defendant the property of the matrimonial community including the undivided one-half interest of the minors therein. On the same day a certified copy of the judgment of adjudication was recorded in Mortgage Book 33, folio 4. On September 8, 1924, a special mortgage was executed to secure the rights of the minors in the sum of $4,357.50, in accordance with a judgment rendered by the district court. The special mortgage was given for the purpose of replacing the general mortgage resulting from the judgment of adjudication.

The allegations of plaintiffs' petition relative to the co-ownership of the property, which they charge belonged to the matrimonial community at the date of the death of their mother, are the usual allegations made in partition suits. Plaintiffs also allege that the inscription of the extract of the inventory on the mortgage records, the judgment of adjudication, and the special mortgage in their favor are null and should be set aside.

Defendant filed a number of pleas and exceptions which were either overruled or referred to the merits. Defendant then filed his answer and the case went to trial on the merits.

The trial judge sustained the plea of prescription of ten years acquirendi causa as against three of the plaintiffs and the prescription of four and five years as against all the plaintiffs. He also found that a valid title to the property in dispute was acquired by the defendant by virtue of the judgment of adjudication.

Plaintiffs appealed and defendant answered the appeal asking that the plea of prescription of ten years acquirendi causa be sustained as to all the plaintiffs.

It was established on the trial that the original papers filed in the tutorship proceeding were lost or misplaced and could not be produced. However, the extract of the inventory, special mortgage, judgment fixing the interests of the minors, and the judgment of adjudication were all of record and were offered in evidence. These proceedings appear to be regular in every respect and to have been conducted in compliance with all legal requirements. Defendant has been in open and public possession of the property from the time it was adjudicated to him up to the present time.

Omitting the irrelevant contentions set up in the brief filed in their behalf, plaintiffs' action is predicated on the sole allegation that the various steps taken in the tutorship proceeding leading up to the judgment of adjudication and the judgment itself are null because the succession of their mother was never legally opened.

Mrs. Helena Guidry Lasseigne, the wife of the defendant, Alces Lasseigne, died

leaving eight minor children, issue of her marriage with her surviving husband. One of these children, Ann Lasseigne, died shortly after the death of her mother. She was only three months old at the time. The remaining minor children, who have since become of age, are the plaintiffs in this suit.

█ The succession of plaintiffs' mother became open by her death. Civil Code, art. 934. Upon the death of plaintiffs' mother, plaintiffs' father, the defendant herein, was entitled to their tutorship. Civil Code, art. 250. In the absence of a demand for an administration by creditors, defendant, as plaintiffs' tutor, was entitled to the possession of the property of the succession of plaintiffs' mother and to administer their interests therein. Bryant v. Atchison, 2 La.Ann. 462; Hoover v. Sellers, 5 La. Ann. 180; Vincent v. D'Aubigne, 19 La. Ann. 528; State ex rel. Jones v. City of Shreveport, 33 La.Ann. 1247; Succession of Bourgeois, 43 La.Ann. 247, 9 So. 34; Vincent v. Phillips, 47 La.Ann. 1238, 17 So. 786.

██ As shown by the inventory taken in the tutorship proceeding, the property belonging to the succession of Mrs. Helena Guidry Lasseigne consisted entirely of the decedent's undivided one-half interest in the real and personal property of the matrimonial community existing between her and her surviving husband, the defendant herein. This undivided one-half interest in the community property was, by operation of law, inherited by the defendant's minor children, plaintiffs herein, who thereby became the owners in common with their father, defendant herein, of the whole of the community property. When defendant instituted the tutorship proceeding he had the right to take possession of the succession property and administer the interests of his minor children therein. He also had the right to cause the property which he and his minor children, as heirs of their deceased mother, owned in indivision to be adjudicated to him. Civil Code, art. 343.

█ By the judgment of adjudication, plaintiffs were divested of their title to the property inherited by them from their deceased mother. As a result of the tutorship proceeding wherein the property of the succession of defendant's deceased wife, inherited by plaintiffs, was administered by and adjudicated to defendant, the succession was to all intents and purposes legally opened and closed, subject to the right of the plaintiffs to demand an account from their tutor and a settlement of the tutorship.

█ Plaintiffs' action for a partition by licitation of the property of the matrimonial community existing between their father and their deceased mother must fail since, as the result of the judgment of adjudication, they presently have no interest in the property. Ferrand v. Bres' Heirs, 35 La. Ann. 908; Krone v. Krone, 138 La. 666, 70 So. 605.

█ Plaintiffs' action is not strengthened by the proceeding filed in August, 1941, by which they undertook to formally open the succession of their deceased mother and to obtain an ex parte judgment putting them in possession. That proceeding and judgment could not and did not decide any issue involved in this suit.

As to the interest which plaintiffs inherited in the share of their mother's succession falling to their sister, Ann Lasseigne, who died a few months after her mother, plaintiffs can not be heard to complain. In the tutorship proceeding and in the judgment of adjudication, plaintiffs were given the full share of their sister in the property left by their deceased mother. In the proceeding and judgment, plaintiffs' rights were fixed in the aggregate at an undivided one-half interest in the community property, whereas plaintiffs actually owned in the aggregate less than an undivided one-half interest in the community property.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent during the argument.