TOURNE *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The wife cannot oppose the homologation of the proceedings of her husband as an insolvent debtor, unless she is authorised by him, or by the judge on his refusal.

The wife cannot vote in the deliberations of creditors, unless her rights have been settled by partition or a judgment.

The wife has no action against the husband for property of the community sold by him, before the institution of a suit for separation.

Jacques Tourné on the 14th May, 1833, averring his insolvency had been occasioned by discords in his family, ceded his property to his creditors.

His bilan showed his wife to be a creditor by her dotal rights for three hundred and twenty dollars. It attributed the insolvent's loss of two thousand dollars to his wife's prodigality. The active debts amounted to seven thousand three hundred and seventy-seven dollars, and the passive debts to nine thousand three hundred and eighty-four dollars and seventy-seven cents.

At the meeting of the creditors all appeared excepting one, who was a creditor for four hundred and sixty-six dollars. All but the wife accepted the cession, and voted for the insolvent as his own syndic. She declared herself his creditor for the three hundred and twenty dollars, for her dotal rights, and for four hundred dollars decreed to her as alimony by the Parish Court. She refused to accept the cession, and to discharge the insolvent. She averred that she was his lawful wife, and that by a clause in their marriage contract, there was a partnership of acquets and gains between them pending their marriage.

She also alleged, that her husband had, on the 21st day of December, 1832, after he had been informed of her inten-

EASTERN DIS.
May, 1834.

TOURNE
vs.
HIS
CREDITORS.

tion to sue him in the Parish Court, for a separation of bed and board, in consequence of his bad treatment of her, sold all his real estate by public act to Pascal Mathiew and Joseph Etienne ‚Tourné, his sons, with the intention to deprive her of her rights in the property acquired during the marriage. She alleged fraud and collusion in this sale, as to all concerned in it; that the same was simulated and made in order to ruin her; that the purchase money had not been paid as stipulated.

She opposed the appointment of her husband as syndic, for the above mentioned causes; and, also, because from the said acts of sale and the bilan, it appeared that he had attempted to defraud his creditors, by concealing the cash paid and notes given for his property, at the sale to his said sons.

She opposed the claims of several creditors of the insolvent, as placed on the bilan; denied the prodigality, and alleged that she was a creditor for two thousand dollars, the value of half the property which he had pretended to sell to his sons. Or if the sales were lawful, she claimed half [the consideration thereof, as belonging to her. She voted for another person as syndic.

She, also, opposed the homologation of the proceedings before the notary, on the grounds already stated. She produced notarial copies of the sale and marriage contract referred to.

The marriage contract, dated, "6 *Brumaire, an* 6," was passed before the notary public of the " *Commune d'Astafort au Department de Lot et Garronne*," and there enregistered. It contained a clause in the following words: " *S'associent les future epoux en tous les acquéts qu'ils feront pendant leur mariage desquels chacun feira à sa volente.*"

The act of sale stated that the lands sold were burthened with a general mortgage of Mrs. Tourné, resulting from the marriage contract, which contract was, on the 21st August, 1832, enregistered in the office of the recorder of mortgages, in the city of New-Orleans. The insolvent bound himself to guarantee to the purchasers, the title as to this mortgage.

The insolvent and several of the creditors, excepted to the vote and opposition of Mrs. Tourné, on the following grounds:

EASTERN DIS·
*May*, 1834.

TOURNE
*vs.*
HIS
CREDITORS.

1. That she had neither been authorised by her husband or the judge.

2. That her pretended rights had never been settled by a deed of partition, or by a separation of goods.

3. That the husband has sold none of the community property, since the suit for a separation was instituted; and as to the sale previously made, the wife's only remedy was against the heirs of the insolvent, after his death.

The judge *a quo*, dismissed the opposition and ordered the proceedings before the notary to be homologated. Madam Tourné appealed.

*Canon*, for the appellant.

*D. Seghers*, for the insolvent.

1. In all the deliberations which shall take place between the creditors, the wife, in partnership of goods with her husband, shall not be allowed to vote in said deliberations, unless her rights should have been previously settled by a deed of partition, or a judgment for a separation of goods. *Insolvent Act of* 1817, *sec.* 15, *p.* 132.

2. The wife cannot appear in court without the authority of the husband, or of the judge. *Louisiana Code, articles* 123 and 126.

3. With regard to the community, property sold by the husband, *previous* to the wife's demand of separation from bed and board, she has no right of action against him on that score during his lifetime, but only against the heirs after his death, if she should prove that he has sold the same, or otherwise disposed of it, to injure her.

4. Taking, however, for argument's sake, that the vote of the appellant amounted to something, to what did it amount? To any fanciful sum she chose to allege? Certainly not. The sum declared in the bilan was the only guide, as to her,

EASTERN DIS.
May, 1834.

TOURNE
vs.
HIS
CREDITORS.
for the other creditors, unless she should have rested her claim on proper documents and not on her own fancy. This, too, was the light in which she viewed her own case, for had she out-voted the other creditors, what would have been the use for her opposition? Besides, she having filed the same, the other creditors came in by way of exception, to which mode of proceeding the limitation provided by the 18th section of the act of 1817, does by no means apply, it being intended only for the opposition.

*Schmidt,* for the creditors.

MARTIN, J., delivered the opinion of the court.

The insolvent's wife complains of a decision which dismisses her opposition to the homologation of the proceedings before the notary, on the following grounds:

1. The insolvent had been illegally appointed syndic of his own creditors, as he had attempted to defraud them by the sale of his property, and the concealment of the money and notes he had received for it from his sons, the vendors.

2. Several individuals were illegally put on the bilan as creditors, and voted as such.

3. She is a creditor to so considerable an amount, that her vote, if it had been received, would have prevented her husband's appointment as syndic.

Her opposition was resisted, because,

1. She was not authorised by her husband, or the judge.

2. Her claim, if she had any, was not ascertained by a partition on a judgment of separation of property.

3. That the husband had sold no part of the property of the community, since the institution of her suit for a separation of property, and if he had, her only remedy was against his heirs after his death.

The wife cannot oppose the homologation of the proceedings of her husband as an insolvent debtor, unless she is authorised by him, or by the judge, on his refusal.

It appears to us, the District Court did not err.

The opponent could not appear in a court without being authorised by her husband, or the judge, on his refusal. *Code of Louisiana,* 123, 126.

The wife cannot vote in the deliberations of creditors, unless her rights have been settled by partition or a judgment. 2 *Moreau's Digest*, 426.   *Acts of* 1817, *section* 15, *page* 132.

The wife has no action against the husband on the score of property of the community, sold by him before the institution of a suit for separation.   *Code of Louisiana,* 148, 2373.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

EASTERN DIS.
*May*, 1834

The wife cannot vote in the deliberations of creditors, unless her rights have been settled by partition or a judgment.

The wife has no action against her husband for property of the community sold by him before the institution of a suit for separation.