Hon. J. G. TALIAFERRO,  
Hon. R. K. HOWELL,  
Hon. W. G. WYLY,  
Hon. W. W. HOWE,  
*Associate Justices.*

---

No. 94.—L. TITCHE *v.* AMANDA M. LEE, Administratrix, etc.

The surviving wife has thirty days within which to make a choice between renouncing and accepting the succession of her husband. But after this delay she still has the right of renunciation, which is continuous until she has been compelled by an action to make the choice. Therefore, no personal judgment can be rendered against her until the action by the creditor, to compel her to make the choice, has been passed upon.

APPEAL from the District Court, parish of Franklin. *Crawford,* J. *Isaac H. Crawford* and *A. L. Slack,* for plaintiff and appellee. *H. P. Wells,* for defendant and appellant.

Howe, J.  The plaintiff instituted this suit against the defendant as administratrix of the estate of her deceased husband, and also asked for a judgment against her personally, upon the allegation that she "is partner in community, that the notes (in suit) are debts due by the community, which existed between the deceased and Mrs. Amanda M. Lee, at the time of their execution, and that therefore she is bound for one-half of petitioner's claim."

There was judgment for plaintiff upon one of the notes, for the full

---

* Mr. Justice Howell was not present at this session of the Court.

amount against the defendant in her representative capacity, and for the half thereof individually; and she has appealed.

The succession of Lee was opened in 1863 by the appointment of the defendant as administratrix, and an inventory was regularly made. So far as we can perceive she has managed the estate as administratrix only; and has not, as widow, concealed or made way with any of the effects of the partnership or community of gains. C. C. 2387. But the plaintiff contends that she is personally liable, because, up to the time this action was instituted, she had not renounced the community. It would seem, however, that the surviving wife has the thirty days allowed to a beneficiary heir, to make a choice between renunciation and acceptance.   After the expiration of this delay she may be forced, by suit, to make her decision, in the same manner as an heir, and then judgment may be rendered against her personally if she does not renounce.   Thus she has, for thirty days, a right of deliberation, and her deliberations can not be disturbed by the action to compel a choice.   But after this delay has expired she still has a right of renunciation, for, in the action to compel, a judgment is to be rendered against her personally, "unless she renounces."   The phrase implies a continued power of renunciation.   C. C. 2383; C. P. 980, 982.   Succession of Richardson, 14 An. 1.

The pleadings and evidence do not justify the personal judgment appealed from, nor do we feel authorized in this form of action to render the judgment contemplated in article 2383 C. C.

It is therefore ordered that the judgment so far as it is a persona one against Amanda M. Lee, be avoided and reversed; that in all other respects the said judgment be affirmed; and that the plaintiff pay costs of appeal.