## No. 6755.

MRS. B. S. HEARING AND F. GREIG VS. MOUND CITY LIFE INSURANCE COMPANY.

No error or defect in the petition, order or citation in an appeal will cause the appeal to be dismissed, unless it be shown that such error or defect is to be imputed to the appellant.

Where a party sues in an individual capacity, and afterward, during the progress of the suit, subrogates a succession of which she is executrix to her rights, without notice of the subrogation to the defendant, the latter will not have the appeal he may take in the case dismissed, because he has only cited the plaintiff in her individual capacity. In such case the appellant will be allowed time to cite plaintiff in her administrative capacity.

Where one of the appellees has died, the appeal, as to his succession, can not be dismissed until after his representatives have been made parties to the appeal.

APPEAL from the Fifth District Court of the parish of Orleans. *Rogers*, J.

*Hudson & Fearn*, for plaintiff and appellee.

*Merrick, Race & Foster*, for defendant.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J. In October, 1871, John A. Bonnafon effected in the defendant company insurance on his life, for the benefit of A. Constant Hearing and François Greig, in unequal portions.

In November, 1871, about two weeks before the death of Bonnafon, Hearing, with the consent of insurers, assigned his interest in this policy to his wife, Mrs. Barbet Schuster Hearing; and in May, 1872, Mrs. Hearing, authorized by her husband, and Greig, brought this suit to recover their respective shares under the policy.

In December, 1872, Constant Hearing died; and his widow qualified as executrix under his will. It appears from the proceedings in this court, in the succession of Hearing, reported in 26 An. 326, that the creditors attempted to compel the executrix to have put upon the inventory, as property of Hearing's succession, his interest in this policy, and certain other policies effected by him on his own life, some in favor of his wife, some in favor of his wife and child; and that, in April, 1874, this court decided that none of these policies belonged to the succession, and affirmed the judgment of the court of first instance refusing to have them put upon the inventory.

In December, 1874, on motion of counsel for Mrs. Hearing, and on suggesting the death of her husband, and that she had transferred all her interest in the policy sued on to his succession; that this interest had been duly inventoried as the property of the said succession; and that she had been confirmed as sole executrix, it was ordered by the court that

the succession of A. Constant Hearing be subrogated to all her rights under the policy; "and that Mrs. Barbet S. Hearing, testamentary executrix, be made a party to this suit."

No notice of this was served on defendant; and the case proceeded without any change in the title. The appeal comes up to this court under the same title, "Mrs. Barbet Schuster Hearing and François Greig vs. Mound City Life Insurance Company," etc.

The trial commenced in December, 1874, and it was protracted so that it was finally submitted on the tenth of November, 1876. Judgment was rendered on the eleventh of December, 1876, and signed on the second of July, 1877, in favor of "plaintiffs, the succession of A. Constant Hearing and François Greig;" and after the expiration of the term defendant took a devolutive appeal, by petition, in which the conclusion of the prayer is "that Mrs. Barbet Schuster Hearing and François Greig be duly cited to appear and answer the appeal."

Citations were issued, one addressed to François Greig; one addressed to Mrs. Barbet S. Hearing, which was served on her attorneys; and another addressed to Mrs. Barbet Schuster Hearing, which was served on her in person a few days before the return day.

On the return day, appellant suggested the death of Greig before the service of citation could be made; and asked for a continuance and delay in order to have the proper representative of his succession cited, when one shall be appointed.

On the third day of the term counsel for "the succession of Constant Hearing, one of the appellees, represented by Mrs. Barbet S. Hearing, its testamentary executrix," moved the court to dismiss the appeal on the grounds:

First—That appellant did not, in the petition of appeal, pray to have said succession made a party, or to have the same cited.

Second—That the said succession has not been cited to answer the appeal.

Third—That appellant, in the petition of appeal, prayed to have Mrs. Hearing cited in her individual capacity, but not in her representative capacity; and that she was cited individually, but not in her representative capacity.

Appellant thereupon moved the court to grant him time to have Mrs. Hearing cited in her capacity as testamentary executrix of A. Constant Hearing, on such terms as the court may deem meet.

In Guerin vs. Bagneries, [9 La. 472], the plaintiff appealed from the judgment in favor of defendant. He did not make the parties called in warranty by the defendant parties to the appeal, and they were not cited. Appellee moved to dismiss on that ground. The opinion of the court was delivered by Judge Martin. He maintained that the parties called in war-

ranty were necessary parties; and that the appellant was bound to bring in all persons contradictorily with whom the judgment appealed from was rendered; but he added: "There appears to be no necessity to dismiss the appeal. The case is a new one, and justice may be attained otherwise than by driving the parties out of court."

In the argument of the case, Judge Preston, counsel for appellant, not only did not ask to be allowed time to cite the the warrantors; but he argued that the appellant had nothing to do with them; that they were called in by the defendant for his protection; and that it was his business to have them cited to answer the appeal. Nevertheless, the court refused to dismiss the appeal, and allowed appellant time to have the warrantors cited.

This decision was in strict accordance with the spirit of the old English statute of *jeofail*, 14 Edward, 111. It was rendered in 1836; and in 1839 the Legislature gave it the sanction of positive law, by enacting that, "hereafter, no appeal shall be dismissed on account of any defect, error, or irregularity in the petition or order of appeal, etc., whenever it shall not appear that such defect, etc., is imputed to the appellant. Acts of 1839, p. 170, section nineteen. Re-enacted, Revised Statutes of 1870, sections 36, 1907; and since embodied in the Revised Code of Practice, article 898.

The counsel for appellant has filed in this court his affidavit showing that when he went to the clerk's office of the district court to prepare the petition and bond of appeal, he called for the papers in the suit; that the clerk informed him they were not in the office, having been delivered to a person who had taken them home with him to be copied for the appeal which it was known would be taken; and that he was compelled to draw his petition from his knowledge and recollection of the names of the parties as set out in their petition, copy of which he had.

We think that we have the right to receive the uncontradicted affidavit of counsel in such a case as this; but we find, without referring to it, nothing in the record from which it appears that the defect, or error, or irregularity complained of, in the petition of appeal is imputable as a fault to appellant.

The suit was brought in the names of Mrs. Hearing and Greig. The subrogation, which was entered on motion of her counsel, was some two years and a half before the rendering of the judgment, and three years and a half before it was signed. It did not require that Mrs. Hearing should be dismissed as a party, but that she should be made a party in her representative capacity. She was the person to be cited; she was cited; and we do not see that the failure to add to her name, in the petition or citation of appeal, her quality and capacity as testamentary

·executrix, is such a defect, or such error or irregularity as would justify the dismissal of the appeal.

The representatives of Greig have not been cited; and the appeal can not be dismissed as to his succession until it is properly represented. The application of appellant to cure the defect complained of, by having Mrs. Hearing cited in her representative capacity, causes no delay, no prejudice to the appellee; and, under the circumstances of the case, as disclosed in the record and proceedings in the court below, we could not dismiss this appeal without violating the letter and spirit of article 898, R. C. P., our statute of *jeofail.* We think the ends of justice can be better attained otherwise.

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal be overruled; and that time be allowed appellant until the second Monday of January, 1878, to have Mrs. Barbet Schuster Hearing, in her quality and capacity as testamentary executrix, representing the succession of Antoine Constant Hearing, cited to appear and answer this appeal.