### LIEBMAN v. FONTENOT, Collector of Internal Revenue.

(District Court, W. D. Louisiana. July 1, 1921.)

No. 1257.

Internal revenue ⊂═8—Widow's usufruct of husband's share of community property not deductible for purpose of estate tax.

The federal estate tax imposed by Act Sept. 8, 1916, § 201 (Comp. St. § 6336½b), is an excise tax on the transfer of the estate of a decedent, without regard to the manner of descent or the persons who receive it, and the fact that the widow of an intestate, under Civ. Code La. art. 916, has a usufruct of the decedent's half of the community property, does not diminish the value of the taxable estate by the value of such usufruct.

⊂═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Mrs. Henrietta W. Liebman, administratrix, against Rufus W. Fontenot, Collector of Internal Revenue. On exception to petition. Exception sustained.

Plaintiff, administratrix of the succession of her deceased husband, Louis Liebman, brings this suit at law to recover the sum of $1,468.95, alleged to have been erroneously collected on the estate of Louis Liebman, under Act of Congress of September 8, 1916 (Comp. St. §§ 6336½b–6336½m). The case is now before the court on the exception of no cause of action.

The facts as set forth in the petition are that all of the property acquired by the said Liebman was after his marriage with plaintiff, and is therefore, under the Louisiana law, community property, she owning one-half thereof in her own right, and being entitled to the usufruct of the remaining half, inherited by the heirs of Liebman, he not having by will deprived her of such usufruct; that the total community property is $324,218.02, and that plaintiff, in her return to the collector of the half owned by the estate of Liebman, deducted therefrom the value of the usufruct of such half, to which usufruct she was entitled, basing its value on her life expectancy, capitalized at the legal rate of interest, 5 per cent.; that the estate tax on such half interest, after such deduction, amounted to $574.06, which she paid to the collector, but that, subsequently, an additional tax, with penalties and interest, was assessed in the sum of $1,468.95, the collector figuring the tax on the value of the half interest as shown by the inventory, $162,109.01, as against the value fixed by the administratrix after deducting the value of the usufruct, $105,433.16. The additional tax was paid under protest, and plaintiff's claim for refund of the amount, $1,468.95, having been denied, this suit was instituted for the recovery of such sum thus alleged to have been erroneously demanded and collected.

Thus the issue is whether or not there should first be deducted from the half of the community property going to the heirs of the deceased spouse the value of the life usufruct in favor of the wife, with which it is encumbered, before calculating the estate tax thereon. The contention of the plaintiff is that the statute does not contemplate the inclusion of the value of such usufruct in the estate, but that, if it does, it is unconstitutional, as an imposition of a direct tax upon property without apportionment.

Blanchard, Goldstein & Walker, of Shreveport, La., for plaintiff.

Joseph Moore, U. S. Atty., and Yandell Boatner, Asst. U. S. Atty., both of Shreveport, La., for exceptor.

JACK, District Judge (after stating the facts as above). Article 916 of the Civil Code, relative to community property, reads as follows:

"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament. of his or her share in the community property, the survivor shall hold a usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."

There is this difference in the rights of the wife to her community half of the property and her right to the usufruct of her deceased husband's community half: The former is absolute; it belongs to her from the time it is acquired by the community. The husband, as head of the community, has the administration of all of the community property; but, nevertheless, the ownership rests equally in the two spouses. Whenever the marriage relation is terminated, whether by death or divorce, the wife may demand her half of the community property in full ownership. The putting in possession is merely the

legal recognition of an existing right. The wife's usufruct of the community half interest of the deceased husband is not an absolute right, inherent in her. She takes such usufruct only where the husband has not, by will or testament, disposed of his half of the community. Her half of the community is hers by reason of the partnership of acquêts and gains; the community property is the joint production of the toil and efforts of the two. The usufruct of the property of the deceased spouse, however, is a thing not acquired jointly by the two, but a right transmitted from the husband to the wife, by reason of the law, where there is no adverse disposition by deceased of his community interest.

The federal inheritance tax is an excise tax, levied on the estate transmitted from the living to the dead. The estate so transmitted, in this instance, is Liebman's undivided half interest in the community. The property itself goes to his heirs, subject, however, to the usufruct of his widow. The federal law, unlike that of the state, makes no distinction in the rate between certain heirs. It is a fixed tax on the transmission of the estate without regard to whom it descends. It is to be paid out of the estate, and so the court is not concerned with the proper division of the tax as between the heirs and the widow.

The exception will be sustained, and plaintiff's demand dismissed, at her cost.