## SMITH v. ROUTON.

### No. 5627.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Rehearing Denied April 1, 1938.

D. W. Gibson, of Harrisonburg, for appellant.

H. Arthur Taliaferro, of Harrisonburg, for appellee.

DREW, Judge.

Mrs. Roxie Smith, the divorced wife of R. E. Smith, instituted this suit to recover an undivided one-half interest in a certain 8-acre tract of land situated near Harrisonburg, in Catahoula Parish, Louisiana. The property had formerly been the home of her and her former husband, but neither had occupied it for some time prior to the granting of the divorce. The property was acquired during the marriage of plaintiff and R. E. Smith and was community property.

It seems that plaintiff and her husband had become estranged and had not lived together for a number of years. On June 6, 1936, R. E. Smith, then the husband of plaintiff, executed a notarial deed transfer-

ring the eight acres involved here to Clarence F. Routon for a consideration which was part cash, and the remainder consisted of the assumption of a mortgage held by the Catahoula Bank against said land. The deed was executed on Saturday and was not placed of record until Monday morning, June 8th, a few hours after plaintiff had filed a petition for absolute divorce against her husband, R. E. Smith, the grantor of said deed.

The petition for divorce was filed at 8:50 A. M., June 8, 1936, and at the same time a notice of lis pendens was placed of record. There was coupled with the divorce a prayer for a restraining order and injunction restraining her husband from disposing of any community property during the pendency of the suit. The restraining order was granted to take effect immediately.

The divorce proceedings were uncontested and on March 18, 1937, a judgment of absolute divorce was granted to plaintiff and the defendant therein was condemned to pay monthly alimony to his former wife, the plaintiff herein, and the custody of their minor child was also awarded to her. The judgment makes no reference of any kind to the community property, if there was any.

On May 13, 1937, after the judgment of divorce had become final, the present suit was filed by plaintiff against Clarence F. Routon claiming an undivided one-half interest in the eight acres of land he had purchased from her former husband. She did not charge any collusion or fraud upon the part of either the grantor or grantee in the deed from R. E. Smith to Clarence F. Routon. Plaintiff's sole contention is that she had never been divested of her undivided half interest in the property; that when the property was acquired by R. E. Smith during her marriage to him, she became at that time vested with an undivided half interest in the land; and that since the deed from her former husband to Routon was not filed for record until after she had filed suit for divorce and placed of record a notice of lis pendens, the deed was without effect as to her interest.

■ The plaintiff became the absolute owner of an undivided half interest in the eight acres involved here at the moment it was acquired by her then husband. Phillips v. Phillips, 160 La. 813, 107 So. 584. However, it was subject to be administered by her husband, who was head and master of the community and who could alienate it by an onerous title, without her consent or permission. Revised Civil Code, Article 2404.

A case on all-fours with the one at bar is Provenzano v. Glaesser, 122 La. 378, 47 So. 688, wherein the court said (page 690): "This is another proposition of the case. During the marriage the husband is the head of the community, and can sell community property without the consent of his wife. He did sell the property during the existence of the community, and before the suit for separation from bed and board and of property was brought. The agreement here to sell was a complete agreement and binding upon the parties, binding upon the community. It was not in the power of the wife by an injunction proceeding ancillary to a main action to prematurely stop the sale, and have it decreed null because the property was community, the sale of which she enjoined after the agreement before mentioned had been entered into."

■ A notarial act concerning immovables has effect between the parties thereto whether deposited in the office of the recorder for the parish or not. It is necessary to deposit it for recordation to affect third persons. Revised Civil Code, Article 2264. Likewise, the only necessity for recording the notice of the pendency of an action affecting title to real estate is to make it effective as to third persons not parties to the action. Act No. 22 of 1904.

■ The error into which plaintiff has fallen is in assuming herself to be a third person as to the deed executed by her then husband to defendant herein, transferring property that belonged to the community of acquets and gains existing at the time between her and her husband. She was not a third person. She had a vested ownership in the property sold, but the law empowered her husband alone to administer it and to sell it by an onerous title. She and her husband can be likened to co-owners, or partners, with her husband holding a power of attorney to administer and sell by an onerous title. Instead of his power or authority being created by conventional contract, it is created by law. She can not attack her husband's acts in selling the community property, for she is a party to the act of sale and made so entirely by law. Although her interest in the property was a vested one, plaintiff was prohibited by law from selling it or any part of it during the existence of the community. The exclusive

right to alienate the community property was given by law to her husband and when he transferred his half interest, at the same time he transferred her half. The transfer was legal, and in law plaintiff was a party to the transfer and not a third person.

The lower court rejected the demands of plaintiff and the judgment is correct, and is affirmed with costs.

TALIAFERRO, J., recused.