GERALDINE G. HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 6743-79.
United States Tax Court
T.C. Memo 1980-419; 1980 Tax Ct. Memo LEXIS 176; 40 T.C.M. (CCH) 1349; T.C.M. (RIA) 80419; September 22, 1980, Filed *176 Petitioner was married and domiciled in Louisiana. She filed her income tax return as "married filing separately." Held: Under Louisiana community property law, petitioner is required to report one-half of the total income of the marital community and is entitled to one-half of the total allowable deductions and credits. Geraldine G. Hall, pro se. Joseph R. Goeke, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1976 in the amount of $1,321.00 and asserted an addition to tax in the amount of $30.39 under section 6651(a), I.R.C. of 1954, for failure to file a timely return without reasonable cause. After post-trial reexamination of items in dispute and concessions by the parties, the amount of deficiency in issue is $969.00 against which an increase in withholding credits of $762.75 results in an underpayment of $207.25. Respondent now concedes that petitioner is not liable for the addition to tax. Therefore, the issues remaining for decision are: (1) whether, *178 under Louisiana community property laws, petitioner must compute gross income based upon one-half of the total community income received by her husband and her in 1976, and (2) whether petitioner is entitled to itemized deductions in excess of the amount allowed by respondent. FINDINGS OF FACT Petitioner resided in Baton Rouge, Louisiana at the time the petition herein was filed. She filed her Federal income tax return as "married filing separately" for the calendar year 1976 with the Internal Revenue Service Center at Austin, Texas. Respondent has offered into evidence the 1976 tax returns of petitioner and Mr. Claudius A. Hall. Petitioner does not contend that the returns are not those of her husband and her. We therefore find that the returns submitted were those of petitioner and her husband. Such returns are incorporated herein by this reference. Petitioner was married to Claudius A. Hall under the laws of Louisiana throughout 1976. They were not legally separated or divorced at any time during 1976 and resided together with their children. Petitioner and her husband divided the responsibility for paying household expenses. For instance, petitioner's husband paid *179 the rent and utility bills while petitioner paid for food and other necessities for herself and the children. During the year in issue, petitioner earned $11,454.14 as a teacher at Southern University, Baton Rouge, Louisiana. Claudius A. Hall earned a total of $19,600 from the following sources: Point Coupee Parish School Board
$12,306
Pinkerton, Inc.
7,264
Interest
30
$19,600
Claudius A. Hall held two jobs during 1976. He normally would drive to his teaching job in the morning and return to his home in the afternoon for a total distance of about 60 miles. On days when he worked as a night watchman at a local bank, Mr. Hall normally would make a brief stop at his home, and then would drive about 10 miles to his job. At the end of the evening, he would drive the same distance back to his home. OPINION The first issue for our consideration is whether petitioner is liable for tax on one-half of all of the community income during the year in issue. It is well settled under Louisiana law that the earnings of each party to a marriage during the term of the marriage, are community property. Louisiana Civil Code Arts. 2334, 2402. *180 [1] The nature of the community interest was described in Phillips v. Phillips,160 La. 813, 825-826, 107 So. 584, 588 (1926), as follows: The wife's half interest in the community property is not a mere expectancy during the marriage; it is not transmitted to her by or in consequence of a dissolution of the community. The title for half of the community property is vested in the wife the moment it is acquired by the community or by the spouses jointly, even though it be acquired in the name of only one of them. Therefore, under Louisiana law, a wife owns a vested one-half interest in the community, and she has "the obligation, not merely the right, *181 to report half the community income" on her separate income tax return. United States v. Mitchell,403 U.S. 190, 196 (1971); United States v. Malcolm,282 U.S. 792, 794 (1931). Petitioner argues that because she had no control over her husband's earnings, expenditures or encumbrances, she should not be taxed on one-half of her husband's income. While it is true that the Louisiana Civil Code places the husband at the head of the marital partnership, [2] the wife's interest in community property is vested immediately on acquisition and is equal to her husband's interest on dissolution. The wife's ownership rights cannot be defeated by the husband's powers of management because her rights are protected by Louisiana law. For example, while a husband can sell community property without his wife's consent, a wife has the right to sue her husband or his heirs for alienation of community property made in fraud. Louisiana Civil Code Art. 2404. Alternatively, a wife may demand an accounting for the husband's separate enrichment from community property. Creech v. Capital Mack, Inc.,287 So.2d 497, 508 (La. 1973). See also Succession of Wiener,203 La. 649, 665-669, 14 So.2d 475, 480-482 (1943). *182 Because Federal tax liability follows ownership as determined by state law, United States v. Mitchell,supra at 197, and is not determined by looking at which spouse controls the property, we hold that each spouse must report one-half of the community income.
While petitioner must report one-half of the community income, she claims that she is also entitled to a theft loss deduction under section 165(c)(3) for the portion of her husband's earnings to which she had a legal ownership claim but to which her husband never gave her possession. Petitioner relies on the interpretation of Louisiana property law and Federal tax law as set forth by Judge Wisdom in Bagur v. Commissioner,603 F.2d 491, 501-503 (5th Cir. 1979), to afford her a measure of relief. In Bagur, parties to the marriage were living separate and apart. The husband appropriated *183 community property for his own use. The wife had no knowledge of the amount of her husband's income or the uses to which it was put. She had absolutely no control over his income and derived no benefit therefrom. The Circuit Court held that it could not find that the husband was a thief because of the Louisiana "head and master" provision, see n. 2, supra, but that the theft loss deduction was controlled by Federal tax law. A theft loss required a showing of an intent to deprive a wife permanently of her share of community income. This could be inferred from "a husband's wanton appropriation of community assets in pursuit of his own pleasure or needs." Bagur v. Commissioner,supra at 502. In the instant case, petitioner does not dispute that she was married to Claudius A. Hall throughout the year in question. Unlike the situation in Bagur v. Commissioner,supra, the record herein shows that petitioner and her husband shared a single residence and divided the costs of maintaining the household. Even if it is true that petitioner had no knowledge of her husband's earnings or outside expenditures, it cannot be said that she did not *184 enjoy the fruits of his earnings--one-half of which she owned under Louisiana community property law. Furthermore, she has not shown that Mr. Hall wantonly appropriated community assets for his personal pleasure. While we sympathize with the picture of the unhappy marital situation painted by petitioner, we are forced to conclude that petitioner's contention is without merit. Petitioner is not entitled to take a deduction for theft loss in the amount of her husband's income that she is required to report. Petitioner asserts that to find her liable for tax on the portion of community income earned by her husband would be unfair because she had no access to her husband's records of income or deductions at the time she was preparing her return. These facts, even if true, would relate to whether petitioner acted reasonably under the additions to tax provisions and not to the legal issue of ownership of income. Respondent, however, has conceded the issue of any addition to tax under section 6651(a) for failure to file a timely return, and no other addition is in issue. We therefore find petitioner's argument inapposite here. Finally, petitioner argues that economic and social *185 patterns have changed since the enactment of community property laws. More wives are working in the business world and are serving as the "breadwinner" of the family. Such changes have accentuated the potential for inequities in the Louisiana system that makes the husband the "head and master" of the community. Again, however, we are bound by a long line of Supreme Court decisions and by the principle established in Golsen v. Commissioner,445 F.2d 985 (10th Cir. 1971), cert. den. 404 U.S. 940 (1971), to hold that "ownership velnon is a sufficient and constitutional basis for imposing federal tax liability." Bagur v. Commissioner,supra at 500. See also Poe v. Seaborn,282 U.S. 101, 109-110 (1930). Although changes in property laws may be appropriate to keep pace with social developments, it is the role of the state legislatures to make such changes. As the Supreme Court stated in United States v. Mitchell,supra at 205, "It must be conceded that these cases are 'hard' cases and [are] exceedingly unfortunate * * *. * * * The law, however, is clear. The taxes were due. * * * The *186 'fault,' if fault there be, * * * flows from the settled principles of the community property system." We will not declare the Louisiana community property system or the automatic male mastership of the legal community in Louisiana unconstitutional when the United States Supreme Court since at least the year 1900 has been presented with similar factual settings and has failed to so act. Hansen v. Commissioner,T.C.Memo. 1977-163. While petitioner is responsible for one-half of the total community income, she is also entitled to one-half of the deductions and credits that are allowable to the community. Johnson v. Commissioner,72 T.C. 340, 347 (1979). Petitioner has the burden to put forth evidence to support each deduction or credit claimed. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner was given the opportunity to substantiate her deductions before trial, at trial, and after trial. Her husband's return was audited and he was given the opportunity to substantiate his deductions. In addition, in the interest of fairness, petitioner was given the chance after trial to submit proof with respect to deductions disallowed on *187 Mr. Hall's return. Based upon evidence produced at that time, respondent conceded additional deductions. The only deductions upon which evidence was presented but still disallowed by respondent were as follows: Amount
Purpose
Check to YMCA
$100.00
Family membership
Fee paid to Guaranty Bank
6.00
Overdraft fee on Claudius Hall's
and Trust
checking account
Check to Claudius A. Hall
10.00
Part-payment for usher's
to Usher's Board-Mt. Zion
uniform
Cost of daily newspaper
23.40
Subscription We note that only the deductibility of these items and not the amount thereof is in issue. Petitioner claims that the $100 paid to the YMCA was a charitable contribution. Respondent concedes that a separate $15 payment in excess of the $100 annual membership dues is deductible as a charitable contribution under section 170, but asserts that the $100 dues was a personal expense and is therefore not deductible. At trial, petitioner testified that she paid the $100 as dues. When she realized that no one in the family would use the facilities, she did not attempt to get the dues refunded. Rather, she claimed that she left the money as a contribution to the *188 YMCA, but received no acknowledgement receipt. Where dues paid to a charitable organization are reasonably commensurate with the value of benefits associated with such membership, no portion of the dues is deductibel as a charitable contribution. The mere fact that petitioner and her family chose not to use the facilities of the YMCA does not permit her to take a charitable deduction. In our opinion, petitioner has failed to prove that the dues payment was in reality a contribution, and was not made in return for the quid pro quo of the right to use the facilities and programs of the YMCA. With respect to the fee paid on overdraft checks by Mr. Hall, the payments are not interest payments. They are in the nature of a service charge for the handling and returning of checks. Such fees on a personal checking account are personal expenses and hence nondeductible. Section 262. Similarly, Mr. Hall's $10 payment to the Usher's Board-Mt. Zion Baptist Church was not part of the Halls' charitable contribution to the church. The payment was for uniforms that Mr. Hall wore as a church usher, and therefore was a personal expense. Section 262. The cost of the daily newspaper was also *189 a personal expense. It was not an ordinary and necessary expense of either petitioner's or Mr. Hall's job. Therefore, it is not deductible as a business expense under section 162. Finally, Mr. Hall claimed on his return a deduction of $994 for travel expenses. On audit, respondent allowed only $448.50. The only relevant evidence put forth at trial related to Mr. Hall's commuting expenses. It is well accepted that commuting expenses are not deductible. We therefore sustain respondent's determination that Mr. Hall was entitled to $448.50 as a deduction for travel expense. Accordingly, petitioner is allowed one-half of that amount as a deduction in computing her adjusted gross income. See section 62(2)(c). Decision will be entered under Rule 155.
Footnotes
1. For instance, with respect to the marital community, the Louisiana Code provides: * * * This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way * * *. La. Civ. Code Art. 2402↩.
2. See La. Civil Code Art. 2404↩, which states in part that "[the] husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife."